UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

*Electronically Filed*

| | |
|---|---|
| MOTORISTS COMMERCIAL MUTUAL INSURANCE COMPANY | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 2:24-CV-195-DCR<br>) |
| AMERICAN SOUND & ELECTRONICS, INC., PATRICK FRIEND, and CHRIS VAN METER, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes the Plaintiff, Motorists Commercial Mutual Insurance Company ("Motorists"), by counsel, and for its Complaint for Declaratory Judgment against Defendants American Sound & Electronics, Inc. ("American Sound"), Patrick Friend, and Chris Van Meter, hereby states as follows:

**I. NATURE OF THE ACTION**

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and Fed. R. Civ. P. 57 for the purpose of determining the rights and legal obligations between the parties under the Motorists Policies (as defined below), which rights and legal relations are in genuine controversy as more fully set forth herein.

2.      An actual, justiciable controversy exists between Motorists, Van Meter, American Sound, and Friend regarding the lack of a legal duty to defend or indemnify Van Meter under

Motorists' Primary Policy ("Primary Policy") and Motorists' Umbrella Policy ("Umbrella Policy") for the claims asserted against Van Meter in the civil action styled *American Sound & Electronics, Inc and Patrick Friend v. Nor-Com, Inc., Tony Wiggins and Chris Van Meter*, Kenton Circuit Court, Division III, Case No. 20-CI-01450 (the "American Sound Lawsuit").

3.  Motorists brings this action seeking a declaration that it has no legal duty or obligation, whether contractual, equitable, or otherwise to indemnify Van Meter under the Motorists' Primary and Umbrella Policies for any final judgment rendered against him for any claims asserted in the American Sound Lawsuit. Similarly, Motorists seeks a declaration that it has no duty to further defend Van Meter in the American Sound Lawsuit, including participation in any appeal from any final judgment to be entered against him.

4.  The legal basis for the requested declaration is that the claims in the American Sound Lawsuit, including the Trial Court's finding that Van Meter was liable for "libel per se" as a matter of law, fail to satisfy the terms of the insuring agreements issued by Motorists. Therefore, a judicial declaration that the Primary and Umbrella Policies do not require any defense or indemnity for Van Meter has become necessary.

5.  All conditions precedent to the relief requested by Motorists have been performed or have occurred.

6.  American Sound and Friend have been included in this action as interested parties.

## II. THE PARTIES

7.  Motorist adopts and incorporates by reference the allegations contained in Paragraphs 1 through 6 of this Complaint.

8. Plaintiff Motorists Commercial Mutual Insurance Company was organized and incorporated under the laws of the State of Ohio and maintains its principal place of business or "nerve center" in Ohio. It is authorized to do, and does, transact business within the Commonwealth of Kentucky. Motorists is deemed a citizen of Ohio for jurisdictional purposes.

9. Defendant Chris Van Meter is a citizen and resident of the Commonwealth of Kentucky whose mailing address is 2126 Petersburg Road, Hebron, Kentucky 41048.

10. Defendant Patrick Friend is a citizen and resident of the Commonwealth of Kentucky whose mailing address is 1800 Russell Street, Covington, Kentucky 41014.

11. Defendant American Sound & Electronics, Inc. was organized and incorporated under the laws of the Commonwealth of Kentucky and maintains its principal place of business in the Commonwealth of Kentucky. Its agent for service of process is Jeff Schlosser, 109 East Fourth Street, Covington, Kentucky 41011. American Sound is deemed a citizen of Kentucky for jurisdictional purposes.

### III.  JURISDICTION AND VENUE

12. Motorists adopts and incorporates by reference the allegations contained in Paragraphs 1 through 11 of this Complaint.

13. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 1332(a)(1) because the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00, and is between citizens of different states.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in Kenton County, Kentucky which falls within the Eastern District of Kentucky, Northern Division at Covington.

15. There is an actual controversy existing between the parties regarding whether Motorists is obligated, under the insurance policies it issued to Nor-Com Inc., to defend and indemnify Van Meter in the American Sound Lawsuit.

16. Motorists has no adequate remedy at law and this is a proper case for which the Court may exercise jurisdiction and declare the rights and liabilities of the parties.

## IV. THE INSURANCE POLICIES

17. Motorists adopts and incorporates by reference the allegations contained in Paragraphs 1 through 16 of this Complaint.

18. Nor-Com Inc. is the named insured on a Commercial Insurance Policy bearing Policy No. 5000095083 which was issued by Motorists for the Policy Period of February 15, 2020 to February 15, 2021 ("Primary Policy"), and an Umbrella Policy bearing Policy No. 5000095106 which was issued by Motorists for the Policy Period from December 8, 2020 to February 15, 2021 ("Umbrella Policy"). A true and accurate copy of the Primary Policy is attached as **Exhibit 1** to this Complaint. A true and accurate copy of the Umbrella Policy is attached as **Exhibit 2**.

19. Van Meter, as an employee of Nor-Com Inc., seeks coverage under Coverages A and B of the Primary Policy and Coverages A and B of the Umbrella Policy, which insure Nor-Com Inc. and its employees for covered "bodily injury and property damage liability ("Coverage A") and covered "personal and advertising injury liability" ("Coverage B").

20. Coverage A in the Primary Policy states as follows:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

4

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

    …

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"

        …

2. **Exclusions**

   This insurance does not apply to:

   a. **Expected or Intended Injury**

   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

   …

   o. **Personal and Advertising Injury**

   "Bodily injury" arising out of "personal and advertising injury."

21. Coverage B in the <u>Primary Policy</u> states as follows:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.

   …

   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offence was committed in the "coverage territory" during the policy period.

5

   **2. Exclusions**

   This insurance does not apply to:

     **a. Knowing Violation of Rights of Another**

     "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

     **b. Material Published With Knowledge Of Falsity**

     "Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

22.    The <u>Primary Policy</u> defines an "insured" in the following manner:

**SECTION II – WHO IS AN INSURED**

2. Each of the following is also an insured:

   a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees" … but only for acts within the scope of their employment by you or while performed duties related to the conduct of your business.

23.    The <u>Primary Policy</u> defines the term "Bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

24.    An endorsement to the <u>Primary Policy</u> defines "Occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions … However … "bodily injury" that is expected or intended by any insured, or by anyone performing work on behalf of the insured, will not be considered to be caused by an "occurrence."

25.    The <u>Primary Policy</u> defines the term "Personal and advertising injury" as "injury, including consequential "bodily injury," arising out of one or more of the following offenses …

6

"Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."

26. Coverage A of the Umbrella Policy states as follows:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement.

    a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies.
    …

    c. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"

2. **Exclusions.**

    This insurance does not apply to:

    a. **Expected Or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
    …

    o. **Personal And Advertising Injury**

    "Bodily injury" arising out of "personal and advertising injury".

27. Coverage B of the Umbrella Policy states as follows:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1. Insuring Agreement

7

    a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies.
…

    c. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory during the policy period.

**2. Exclusions**

This insurance does not apply to:

    a. "Personal and advertising injury":

        (1) **Knowing Violation Of Rights of Another**

        Cause by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

        (2) **Material Published With Knowledge Of Falsity**

        Arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.
…

28. The <u>Umbrella Policy</u> defines "insured" in the following manner:

**SECTION II – WHO IS AN INSURED**

2. Each of the following is also an insured:

    a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees" … but only for acts within the scope of their employment by you or while performed duties related to the conduct of your business.

29. The <u>Umbrella Policy</u> defines the term "Bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

30. An endorsement to the <u>Umbrella Policy</u> defines "Occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions … However … "bodily injury" that is expected or intended by any insured, or by anyone performing work on behalf of the insured, will not be considered to be caused by an "occurrence."

31. The <u>Umbrella Policy</u> defines the term "Personal and advertising injury" as "injury, including consequential "bodily injury," arising out of one or more of the following offenses … "Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."

### V. THE AMERICAN SOUND LAWSUIT

32. Motorists adopts and incorporates by reference the allegations contained in Paragraphs 1 through 31 of this Complaint.

33. Patrick Friend is the President of American Sound.

34. During the events at issue, Nor-Com, Inc. and American Sound were audio-visual companies and were direct competitors, who utilized the same or similar vendors. Amended Complaint from American Sound Lawsuit, ¶ 13, attached as **Exhibit 3**.

35. American Sound and Friend alleged that in the late Summer and early Fall of 2020, Chris Van Meter, while employed by Nor Com Inc., created a "flyer," which contained a narrative statement and various photographs depicting Friend and various American Sound employees. *Id*. at ¶ 8.

36. The statements in the flyer asserted that "hate and racism" were rampant at American Sound and they implied that Friend was a racist, who allegedly fostered hate and racism at American Sound. *Id.* at ¶¶ 9-10.

37. On or about September 18, 2020, the flyer was circulated by Van Meter to vendors and customers with whom American Sound and Nor-Com Inc. did business. *Id.* at ¶ 12.

38. On or about September 19, 2020, American Sound and Friend were contacted by several vendors and customers regarding the existence of the flyer. *Id.* at ¶ 14-15.

39. The allegations in the American Sound Lawsuit concerning the creation and publication of the flyer containing alleged defamatory statements are generally referred to herein as the "Incident."

40. On or about October 14, 2020, American Sound and Friend filed suit against Nor-Com Inc. and Van Meter in Kenton Circuit Court, asserting claims for libel per se, libel per quod, intentional infliction of emotional distress, and seeking compensatory and punitive damages.

41. On or about February 9, 2024, the Kenton Circuit Court granted American Sound and Friend's Joint Motion for Partial Summary Judgment, attached here as **Exhibit 4**. In its Order, the Kenton Circuit Court determined as a matter of law that Van Meter had intentionally committed the tort of libel per se against American Sound and Friend. The presiding judge then scheduled the matter for a jury trial on the issue of damages.

42. The case was tried before a jury on October 8, 2024.

43. Following the jury trial, a verdict was returned in favor of American Sound for $400,000 in compensatory damages and $750,000 in punitive damages. Similarly, a verdict was returned for Friend in the sum of $100,000 in compensatory damages and $750,000 in punitive damages. *See* Trial Order and Judgment Upon Jury Verdict, attached as **Exhibit 5**.

44. On October 25, 2024, Defendant Van Meter moved to alter, amend or vacate the Judgment. Because the Kenton Circuit Court has not ruled on that motion, the Judgment is not yet final.

## VI.  VAN METER'S TENDER

45. Motorists adopts and incorporates by reference the allegations contained in Paragraphs 1 through 44 of this Complaint.

46. In November 2020, Van Meter notified Motorists of the American Sound Lawsuit and requested defense and indemnity.

47. On December 1, 2020, Motorists responded and has provided a defense to Van Meter in the American Sound Lawsuit, subject to a full reservation of rights (**Exhibit 6).**

## VII.  CLAIM FOR DECLARATORY RELIEF

48. Motorists adopts and incorporates by reference the allegations contained in Paragraphs 1 through 47 of this Complaint.

**A.  No Liability Coverage under Coverage A in Primary and Umbrella Policies**

49. The alleged injuries asserted by American Sound and Friend in the American Sound Lawsuit do not constitute "bodily injury" under Coverage A in the Primary and Umbrella Policies.

50. The Incident was not an "occurrence" under the Primary and Umbrella Policies.

51. Damages arising from the Incident or the American Sound Lawsuit are not covered under Coverage A Bodily Injury and Property Damage Liability and, therefore, Motorists, has no duty to defend or indemnify Van Meter for damages arising from the Incident or the American

Sound Lawsuit, including no duty to indemnify Van Meter for any final judgment therein and no duty to prosecute any appeal from any final judgment therein.

52. Even if the alleged injuries by American Sound and Friend in the American Sound Lawsuit constituted "bodily injury" and the Incident were an "occurrence," which Motorists denies, Exclusion "a" (<u>Expected or Intended Injury</u>") applies. Therefore, for this additional reason, Motorists has no duty to defend or indemnify Van Meter from damages arising from the Incident or the American Sound Lawsuit, including no duty to indemnify Van Meter for any final judgment therein and no duty to prosecute any appeal from any final judgment therein.

53. Even if the alleged injuries by American Sound and Friend in the American Sound Lawsuit constituted "bodily injury" and the Incident were an "occurrence," which Motorists denies, Exclusion "o" ("<u>Personal and Advertising Injury</u>") applies. Therefore, for this additional reason, Motorists has no duty to defend or indemnify Van Meter from damages arising from the Incident or the American Sound Lawsuit, including no duty to indemnify Van Meter for any final judgment therein and no duty to prosecute any appeal from any final judgment therein.

### B. No Liability Coverage under Coverage B in Primary and Umbrella Policies

54. If the alleged injuries asserted by American Sound and Friend in the American Sound Lawsuit constitute "personal and advertising injury" under Coverage B in the Primary and Umbrella Policies, Exclusion (a)(1) ("Knowing Violation of Rights of Another") applies. Consequently, Motorists has no duty to defend or indemnify Van Meter from damages arising from the Incident or the American Sound Lawsuit, including no duty to indemnify Van Meter for any final judgment therein and no duty to prosecute any appeal from any final judgment therein.

55. If the alleged injuries asserted by American Sound and Friend in the American Sound Lawsuit constitute "personal and advertising injury" under Coverage B in the Primary and Umbrella Policies, Exclusion (a)(2) ("Material Published with Knowledge of Falsity") applies. Consequently, Motorists has no duty to defend or indemnify Van Meter from damages arising from the Incident or the American Sound Lawsuit, including no duty to indemnify Van Meter for any final judgment therein and no duty to prosecute any appeal from any final judgment therein.

### C. Van Meter Is Not An "Insured" Under the Primary and Umbrella Policies

56. Van Meter is not an "Insured" under the Primary and Umbrella Policies for purposes of the claims against him in the American Sound Lawsuit because his creation and publication of the flyer containing alleged defamatory statements was not within his duties as an employee of Nor Com Inc.

57. Consequently, Motorists has no duty to defend or indemnify Van Meter from damages arising from the Incident or the American Sound Lawsuit, including no duty to indemnify Van Meter for any final judgment therein and no duty to prosecute any appeal from any final judgment therein.

58. Motorists is entitled to entry of a judgment declaring that no coverage is due Van Meter from Motorists relating to the Incident or the American Sound Lawsuit.

WHEREFORE, the Plaintiff, Motorists Commercial Mutual Insurance Company, respectfully requests that the Court enter judgment in its favor and against American Sound, Friend and Van Meter by ordering as follows:

1. That Motorists has no duty to defend Van Meter in the American Sound Lawsuit, including any obligation to prosecute any appeal from a final judgment or post any bond for same;

2. That Motorists has no duty to indemnify Van Meter in the American Sound Lawsuit and is hereby relieved from paying any final judgment rendered therein;

3. That Motorists be awarded its costs and attorney fees, if appropriate; and

4. That Motorists receive such other and further relief as the Court deems just and proper.

    Respectfully Submitted,

    */s/ Stephen C. Keller*

    _____
    Stephen C. Keller, Esq.
    BARNES MALONEY PLLC
    401 W. Main Street, Suite 1600
    Louisville, KY 40202
    Tel. (502) 625-1694
    skeller@sbmkylaw.com

    and

    */s/ Denis C. Wiggins* (with permission)

    _____
    Denis C. Wiggins, Esq.
    GWIN STEINMETZ & BAIRD PLLC
    401 West Main Street, Suite 1000
    Louisville, Kentucky 40202
    Tel. (502) 618-5729
    dwiggins@gsblegal.com
    *Counsel for Plaintiff,*
    *Motorists Commercial Mutual Insurance Company*